IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00712-GPG

NICK R. MEDINA,

      Applicant,

v.

COLORADO DEP'T OF CORRECTIONS,
RICK RAEMISCH, Executive Director, and
WARDEN FAULK, Sterling Correctional Facility,

      Respondents.

---

ORDER TO FILE PRELIMINARY/PRE-ANSWER RESPONSE

---

      Applicant Nick R. Medina is a prisoner in the custody of the Colorado Department

of Corrections who currently is incarcerated at the correctional facility in Sterling,

Colorado.  Applicant has filed *pro se* an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 challenging his mandatory parole in State of Colorado

Criminal Case No. 07CR1679.

      As part of the preliminary consideration of the Application in this case, the Court

has determined that a limited Response is appropriate.  Because it is not clear whether

the action is truly a 28 U.S.C. § 2241 action, which is a challenge to the execution of a

sentence, or a challenge to the validity of Applicant's conviction and sentence, which is

properly filed pursuant to 28 U.S.C. § 2254, the Court will direct the Respondents to

brief this issue.

The Court also acknowledges that Applicant filed a previous action, *Medina v. Jefferson County Courts, et al.*, No. 14-cv-02894-LTB (D. Colo. Nov. 24, 2014), *appeal filed*, No. 14-1043 (10th Cir. Feb. 6, 2015), that was construed by this Court as challenging the validity of his conviction and sentence in Case No. 07CR1679 and was dismissed as time-bared pursuant to 28 U.S.C. § 2244(d).  Case No. 14-cv-02894-LTB remains pending in the Tenth Circuit.

Respondents also are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies that apply either to § 2254 actions or to § 2241 actions.  If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Response.  Respondents may not file a dispositive motion as a Preliminary or Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Response and provide any information that might be relevant to the classification of this action and the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented

2

him from filing a timely habeas action in this Court as is necessary in response to Respondents' briefing regarding the classification of this action.  Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Pre-Answer or Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Response.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action is denied as moot. Applicant paid the $5 filing fee.

Dated:  April 21, 2015

BY THE COURT:

 s/Gordon P. Gallagher
United States Magistrate Judge