IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00712-GPG

NICK R. MEDINA,

    Applicant,

v.

COLORADO DEP'T OF CORRECTIONS,
RICK RAEMISCH, Executive Director, and
WARDEN FAULK, Sterling Correctional Facility,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant Nick R. Medina is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. On April 6, 2015, Applicant, acting *pro se*, initiated this action by filing a pleading titled, "Motion of Habeas Corpus Relief for/of Illegal Incarceration Complaint," ECF No. 1. Magistrate Judge Gordon P. Gallagher reviewed the Motion, determined that it was not clear whether Applicant is challenging the validity or the execution of his sentence, and directed Applicant to cure this deficiency. Applicant also was directed to submit a certified account statement that indicated the current balance in his inmate account. Rather than submit a statement, Applicant paid the $5.00 fee. He also submitted his claims on a Court-approved form used in filing 28 U.S.C. § 2241 actions.

    Because it still was not clear whether Applicant was challenging the execution of a sentence, or the validity of his conviction and sentence, Magistrate Judge Gallagher directed Respondents to brief the issue. Respondents also were directed to address

the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies that apply either to § 2254 actions or to § 2241 actions. Respondents filed a Pre-Answer Response, ECF No. 12, on May 12, 2015. Applicant has not replied to the Response within the time allowed.

The Court must construe the Application liberally because Applicant is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

Applicant asserts that he was he was sentenced to six years of incarceration and three years of a mandatory parole in the State of Colorado Criminal Case No. 07CR1679. In Claim One of the Application, ECF No. 6, Applicant asserts that a mandatory parole is an "extra/added" illegal sentence. Applicant further asserts that he now is serving an illegal sentence because he was found guilty of escape during his mandatory parole, which is an illegal sentence. In Claim Two, Applicant asserts that the attorney general was delinquent in responding to his motion in state court.

The Court finds that this action more properly is filed pursuant to 28 U.S.C. § 2254 because Applicant is challenging the validity of his sentence in Criminal Case No. 07CR1679 and possibly of his sentence in Case No. 13CR2027. See *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir 2000).

Applicant states in the Application that he has not filed any prior action in federal court in which he could have raised the claims he asserts in this action. ECF No. 6 at 10. However, upon review of *Medina v. Jefferson County Courts, et al.*, No. 14-cv-02894-LTB (D. Colo. Nov. 24, 2014), the Court finds Applicant filed a prior § 2254 action

2

that challenged the same state criminal conviction as he does in Claims One and Two of this action. Applicant filed a notice of appeal in Case No. 14-cv-02894-LTB, which is pending. *See Medina v. Falk, et al.*, No. 15-1043 (10th Cir. Filed Feb. 6, 2015). Case No. 14-cv-02894-LTB was dismissed pursuant to 28 U.S.C. § 2244(d) as time-barred, which operates as a dismissal on the merits. *See In Reins*, 659 F.3d 1274, 1275 (10th Cir. 2011). Nonetheless, because Case No. 14-cv-02894-LTB remains pending on appeal, the Court will refrain from addressing second or successive issues as provided under 28 U.S.C. § 2244.

The Court, however, finds that like Case No. 14-cv-02894-LTB, the claims Applicant raises challenging the State of Colorado Criminal Case No. 07CR1679 are time-barred and subject to dismissal on the merits. *See Medina*, No. 14-cv-02894-LTB at ECF No. 16. The Court, therefore, will dismiss Claims One and Two with prejudice.

To the extent that Applicant may be challenging State of Colorado Criminal Case No. 13CR2027, in which he was convicted of escape while he was serving the alleged illegal mandatory parole in Case No. 07CR1679, Respondents concede the challenge is timely pursuant to § 2244(d). Nonetheless, Respondents argue Applicant's escape claim is procedurally defaulted under the principle of anticipatory default.

Because a federal habeas action currently is timely regarding Case No. 13CR2027, and Applicant has not specifically stated he is challenging Case No. 13CR2027 in this action, the Court will refrain from addressing any procedural default at this time. The Court rather will dismiss any intended challenge to Case No. 13CR2027 without prejudice for consideration in the future if Applicant so desires.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application filed on April 20, 2015, is construed as more properly filed pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that Applicant's challenge to the State of Colorado Criminal Case No. 07CR1679 is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that Applicant's challenge to the State of Colorado Criminal Case No. 13CR2027 is denied without prejudice. it is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  23rd  day of     June        , 2015.

BY THE COURT:

  s/Lewis T. Babcock                
LEWIS T. BABCOCK, Senior Judge
United States District Court